DOROTHY ELIZABETH BARTON DUPONT,

*vs.*

ALFRED VICTOR DUPONT.

*New Castle, August 13, 1953.*

*James R. Morford* and *William H. Bennethum* of Morford, Bennethum & Marvel, Wilmington, for plaintiff.

*Arthur G Logan,* Wilmington, for defendant.

SEITZ, Chancellor: This is the decision on the plaintiff's motion for leave to file a supplemental complaint under *Chancery Court Rule 15(d).*[1]

Plaintiff's original complaint sought separate maintenance from the defendant, her husband. After a prolonged legal struggle, this court by a final order dated January 22, 1953 required defendant to pay plaintiff a stipulated monthly sum for separate maintenance.[2] A determination of defendant's counterclaim for certain household goods and furnishings was reserved. At the time of the separate support decision, both plaintiff and defendant were domiciled in Delaware.

---

1. "Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. If the court deems it advisable that the adverse party plead thereto, it shall so order, specifying the time therefor."

2. *DuPont v. DuPont,* — Del.Ch. —, 93 *A.2d* 500.

On July 21, 1953 plaintiff appealed this court's order of January 22, 1953 only as to the question of the adequacy of the allowance. Defendant did not appeal and the time therefore has now expired.

By her proposed supplemental complaint plaintiff seeks a permanent injunction restraining the defendant from proceeding further with a Florida divorce action against plaintiff which he commenced July 22, 1953. The basis for the relief sought is that defendant is still domiciled in Delaware and fraudulently asserts a Florida domicile solely to obtain a divorce.

Defendant vigorously resists plaintiff's application for leave to file a supplemental complaint. Defendant contends, *inter alia,* that the subject matter of the proposed supplemental complaint may not properly be included in a supplemental complaint where, as here, a final decree has been entered and payments made thereunder for several months, and where the plaintiff is, in effect, filing a new cause of action. Plaintiff claims that the subject matter of the supplemental complaint is proper because it deals with events which occurred after the filing of the complaint and which are inextricably tied in with the allegations of the original complaint.

In deciding the question presented I shall assume that there might be circumstances under which this court would have the discretionary power to permit the filing of a supplemental complaint containing a so-called new cause of action or claim for relief. See 6 *Cyc. of Fed. Proc.,* (*3rd Ed.*) § 18.57, and compare *Smith v. Biggs Boiler Works,* — *Del.Ch.* —, 91 *A.2d* 193. There is no doubt, as plaintiff says, that the proposed supplemental complaint sets forth events which have happened since the filing of the original complaint. It is also apparent, as plaintiff contends, that it has some relationship to the subject matter of the complaint. However, it is clear that this is a new claim or cause of action.

Assuming that I have the power to exercise my sound discretion in this case and with due recognition of the desirability generally for a liberal construction of the rules, I do not believe such discretion should be exercised in favor of permitting the filing of this supplemental complaint. I say this for the following reasons:

1. The long and difficult trial on the complaint sought to be supplemented has been concluded and defendant has complied with the judgment thereon for over six months.

2. The supplemental complaint raises a substantial issue—defendant's domicile—which was not an issue in the trial and indeed, could not have been an issue as to the alleged facts because they arose after the entry of judgment.

3. Defendant also takes the position that the plaintiff is no longer domiciled in Delaware. This issue also arises out of developments since the trial.

It is obvious that the alleged justification for filing a supplemental complaint—that the Florida divorce action may undermine this court's support order—would be assertible without regard to time in this type of action. If so recognized it would mean that no independent legal process would be necessary in the future against the defendant in such a case. This court has no power to prevent the defendant from changing his domicile. And this is true even though there is an order of this court outstanding which requires him to make stipulated support payments to the plaintiff. To recognize the right to try this issue after judgment by a supplemental complaint—requiring only service on the local attorney—would seem to be objectionable as a matter of discretion, leaving jurisdictional questions aside.

It follows from my conclusion that the plaintiff's motion for leave to file the supplemental complaint in question must be denied. My decision renders it unnecessary to consider the other relief sought by plaintiff's motion. I desire to make it explicitly clear that my decision constitutes no determination whatsoever as to the merits of the subject matter of the supplemental complaint and the order thereon should so recite.

Order on notice.